ORIGINAL

# In the United States Court of Federal Claims

No. 15-458C
(Filed: October 22, 2015)

FILED
OCT 22 2015
U.S. COURT OF FEDERAL CLAIMS

CHANDRA KANT,

*Pro Se* Plaintiff,

v.

THE UNITED STATES,

Defendant.

Pro Se; Motion to Dismiss; Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); Lost or Damaged Mail

## ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**FIRESTONE**, *Judge*.

Pro se plaintiff Chandra Kant filed the present action against the United States ("the government") on May 5, 2015. In her complaint she alleges that the United States Postal Service ("USPS") "stole" three electronic toy motorcycles, valued at $664.91. See Compl. 1. According to Ms. Kant, one of the toys was damaged during shipment and when she took the toys to the USPS to make a claim, the USPS took the toys for its investigation but failed to settle or dismiss the claim or return the toys to her.

On July 1, 2015, the government filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims ("RCFC"). On August 17, 2015, Ms. Kant filed a response, which, in substance reiterated the allegations

in her original complaint. The government filed a reply on September 3, 2015, adding that Ms. Kant has failed to exhaust the administrative remedies available to her under USPS regulations.[1]

The court has determined that oral argument is not necessary. For the reasons that follow, the government's motion to dismiss is **GRANTED**.

## I. Background

The following facts are taken from the complaint. In July 2014, Ms. Kant purchased, for a total of $664.91, three electronic toy motorcycles, which were delivered from Hong Kong in three boxes on July 11, 2014 by the USPS. See Pl.'s Compl. 1; Pl.'s Resp. 2. Ms. Kant alleges that one of the boxes was damaged by the USPS during shipping. See Pl.'s Resp. 2. Ms. Kant further alleges that on July or August 29, 2014, she took the items to a post office, where a clerk took possession of the toys, gave her a "Receipt for Article(s) Damaged in Mails," and told Ms. Kant that she would receive documents in the mail that she would need to fill out and send back. See id.; Pl.'s Resp. Ex. 1.[2]

Ms. Kant alleges that after several weeks she received a letter from the International Research Group of the USPS ("IRG"), which investigates possible damage

[1] These regulations are set forth in the USPS's International Mail Manual and relevant provisions are attached to this decision.

[2] In her complaint and response, Ms. Kant alleges that she took the items to the post office on August 29, 2014. See Compl. 1; Pl.'s Resp. 2. The "Receipt for Article(s) Damaged in Mails" attached to Ms. Kant's response is dated July 29, 2014. See Pl.'s Resp. Ex. 1.

or loss to parcel contents coming from abroad. See Pl.'s Resp. 2. Ms. Kant further alleges that the IRG letter required her to reply and state whether she received the item in damaged condition or with some contents missing. See id. Ms. Kant alleges that she mailed her reply back to the IRG confirming that the article she received was damaged. See id. She also included a copy of the receipt showing the name and address of the post office where she presented the article for examination by a postal employee. See id.

Ms. Kant states that she did not receive a response from the USPS regarding her claim but that on January 28, 2015 she received the same letter she had previously received from the IRG. See Pl.'s Resp. Ex. 2 (letter from the IRG dated January 28, 2015). Ms. Kant states that she faxed a second reply, along with the "Receipt for Article(s) Damaged in Mails," to the fax number provided in the letter. See Pl.'s Resp. 2-3.

Ms. Kant alleges that she called the USPS in early 2015 to inquire about her claim. See Compl. 1; Pl.'s Resp. 3.[3] She states that she gave her case number to a USPS employee who told Ms. Kant that the USPS had her toys in a warehouse and that USPS would reimburse her for the items. See Pl.'s Resp. 3. Ms. Kant further alleges that the USPS employee asked for her home address and said that she would receive a check for

[3] Ms. Kant alleges in her complaint that she received the first notice from the USPS or the IRG in 2014, called the USPS in January 2015, and then received the January 28, 2015 letter from the IRG. See Compl. 1. In her response to the government's motion to dismiss, Ms. Kant states that she called the USPS a month after she received the January 28, 2015 letter. See Pl.'s Resp. 3.

$664.91 in the mail in a few days.[4] See id. Ms. Kant alleges that she never received the check despite her best efforts to track down the claim.[5] See id. Thus, on May 5, 2015, she filed a complaint in this court seeking "justice" on the grounds that USPS has "stolen" the toys at issue. See Compl. 2. In her response to the government's motion to dismiss, Ms. Kant describes her claim as a "Rule[] 9(b) Fraud." Pl.'s Resp. 1.[6]

On July 1, 2015, the government filed a motion to dismiss Ms. Kant's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The government's primary argument is that Ms. Kant's claim sounds in tort and may not be heard in this court under 28 U.S.C. § 1491(a)(1). See Def.'s Mot. to Dismiss 3. The government further argues that to the extent Ms. Kant's complaint could be construed as alleging a taking of the toys under the Fifth Amendment, the court does not possess jurisdiction because Ms. Kant has not "concede[d] the validity of the purported taking of her property," which is necessary when bringing a takings claim in this court. See id. at 5. The government argues in the alternative that Ms. Kant's complaint, if construed as a taking claim, should be dismissed in any case because it fails

---

4 Plaintiff alleges in her complaint that she has recorded this phone conversation with the USPS employee. See Compl. 2. On October 21, 2015, the court granted Ms. Kant leave to file a surreply which also describes this phone conversation.

5 Ms. Kant claims that after some months she sent two letters to two different USPS addresses, for which she has two return receipts indicating that they were received by the USPS. See Pl.'s Resp. 3.

6 RCFC 9(b) provides that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

to allege that the government took her property for a public use. See id. In its reply, the government asserts that Ms. Kant has also failed to exhaust available administrative remedies before the USPS because her claim has not been settled or dismissed and, even if her claim has been settled or dismissed, Ms. Kant has not engaged in the USPS's administrative appeals process. See Def.'s Reply 3-4.[7]

## II. Legal Standards

In considering a motion to dismiss for lack of jurisdiction, the court accepts as true the complaint's well-pleaded facts, and views them in the light most favorable to the non-moving party. See Rack Room Shoes v. United States, 718 F.3d 1370, 1376 (Fed. Cir. 2013) (citing United States v. Ford Motor Co., 497 F.3d 1331, 1336 (Fed. Cir. 2007)). As a pro se plaintiff, Ms. Kant is given more latitude in her pleadings and held to less rigid standards than those imposed upon parties represented by counsel. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014). Nevertheless, "even the complaint of a pro se plaintiff . . . must satisfy jurisdictional requirements." Anderson v. United States, 587 F. App'x 635, 637 (Fed. Cir. 2014).

The Tucker Act provides that an action may be maintained in this court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §

[7] Because the court does not have jurisdiction, it does not reach the government's alternative grounds for dismissal for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

1491(a)(1) (emphasis added). With respect to claims against the United States in connection with mail alleged to be lost or damaged by the USPS, the United States Court of Claims, a predecessor court to the Federal Circuit, stated:

> The United States is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations. Public policy requires that the mails shall be carried subject to these regulations . . . and the liability of the Government in case of loss or damage is fixed by these regulations.

Marine Ins. Co. v. United States, 410 F.2d 764, 766 (Ct. Cl. 1969) (quoting Twentier v. United States, 109 F. Supp. 406, 408-09 (Ct. Cl. 1953)).

## III. Discussion

### A. This Court Lacks Jurisdiction to Hear Ms. Kant's Claims "Sounding in Tort."

Ms. Kant states that the USPS has stolen her toys by refusing to return them and has committed fraud by failing to pay her for the damaged items. These claims for "conversion" and "fraud" sound in tort and this court lacks jurisdiction to hear tort claims. See 28 U.S.C. § 1491(a)(1) (expressly excluding from the court's jurisdiction claims "sounding in tort"); Keene Corp. v. United States, 508 U.S. 200, 214 (1993) (noting that tort claims such as conversion are outside the jurisdiction of this court); Outlaw v. United States, 116 Fed. Cl. 656, 662 (2014) (finding that a claim for fraud sounds in tort and was outside the court's subject matter jurisdiction (citing Phang v.

United States, 388 F. App'x 961, 963 (Fed. Cir. 2010))).[8] Accordingly, Ms. Kant's claims sounding in tort must be dismissed.

**B. This Court Does Not have Jurisdiction to Hear Ms. Kant's Complaint based on an Alternative Takings Theory.**

Having determined that this court does not have jurisdiction to hear Ms. Kant's tort claims, the court now turns to whether Ms. Kant's allegations regarding the USPS's actions are sufficient to establish jurisdiction under an alternative theory. The court finds that under Marine Insurance Co. v. United States, 410 F.2d at 766, Ms. Kant cannot state a takings claim in connection with the USPS's actions. In Marine Insurance, the United States Court of Claims expressly held that the government is liable for lost or damaged mail only to the extent authorized by regulation and cannot be held liable under a Fifth Amendment takings theory. Id. Based on this precedent, this court has refused to hear cases regarding lost or damaged mail under a takings theory. See Blazavich v. United States, 29 Fed. Cl. 371, 374-75 (1993).

In such circumstances, Ms. Kant must continue to press her claim with the USPS to completion under the agency's regulations, attached to this decision, if she wants payment or return of the toys. See, e.g., Ly v. U.S. Postal Serv., 775 F. Supp. 2d 9, 12

[8] Ms. Kant cites RCFC 9(b) in support of her fraud claim. This rules describes the level of detail a party needs to provide in order to allege fraud, mistake, or conditions of a person's mind such as malice, intent, or knowledge. However, it does not provide substantive grounds for jurisdiction. See, e.g., Kellogg Brown & Root Servs., Inc. v. United States, 728 F.3d 1348, 1364-72 (Fed. Cir. 2013) (affirming, in relevant part, dismissal of counterclaims related to alleged fraud in government contracting case), opinion corrected on denial of reh'g, 563 F. App'x 769 (Fed. Cir. 2014).

(D.D.C. 2011) (and cases cited therein). Thereafter, if she does not obtain the relief she seeks from the USPS, she may be able to seek judicial review in the appropriate United States District Court. See, e.g., Barton v. United States, 615 F. Supp. 2d 790, 794 (N.D. Ind. 2009).

**IV. CONCLUSION**

For the foregoing reasons, the government's motion to dismiss is **GRANTED**. The Clerk is directed to **DISMISS** the complaint and return Ms. Kant's filing fee.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

# 9 Inquiries, Indemnities, and Refunds

## 910 Reports Encouraged

Customers are urged to report losses, nondelivery, or mistreatment of mail, even though there may be no provision for indemnity. Such reports can lead to improved service.

## 920 Inquiries and Claims

### 921 Inquiries

#### 921.1 Definition

"Inquiry" is a general term that includes:

a. Requests concerning the disposition of an item mailed to or from a foreign country.

b. Complaints or reports concerning the loss, damage, missing contents, or improper delivery or return of an item mailed to or from a foreign country.

#### 921.2 Initiating an Inquiry

Inquiries can be initiated for Global Express Guaranteed (GXG) items, Priority Mail Express International items, registered items, and insured and ordinary parcels. Inquiries are not accepted for ordinary letters, Priority Mail International Flat Rate Envelopes, Priority Mail International Small Flat Rate Priced Boxes, or M-bags. Customers must wait a reasonable amount of time for an international item to be delivered in the foreign country before initiating an inquiry. Customers must initiate inquiries within the time limits in Exhibit 921.2.

Exhibit 921.2
**Time Limits for Inquiries**

| Product or Extra Service | Who | When to File an Inquiry (from mailing date) | |
|---|---|---|---|
| | | No Sooner Than | No Later Than |
| Global Express Guaranteed (GXG) [1] | U.S. Sender Only | 3 days [2] | 30 days |
| Priority Mail Express International | U.S. Sender Only | 3 days [2] | 90 days |
| Priority Mail Express International With Money-Back Guarantee [3] | U.S. Sender Only | 3 days [2] | 30 days |
| Priority Mail International, insured or ordinary parcels, or Registered Mail | Sender or Addressee [4] | 7 days | 6 months |

1. *The Postal Service does not process online inquiries and claims for Global Express Guaranteed service. To initiate a claim, call 800-222-1811.*
2. *No sooner than 3 days or the scheduled date of delivery.*
3. *For a list of participating countries, refer to 221.2.*
4. *Only the U.S. sender can initiate an online inquiry.*

## 921.3 How to Initiate an Inquiry

### 921.31 Inquiry by Telephone

To initiate an inquiry by telephone, customers must call 800-222-1811 within the time limits listed in Exhibit 921.2. The Postal Service asks the customer to provide information regarding the mailing, including but not limited to the following:

a. The USPS Tracking number that appears on the receipt, mailing receipt number, or barcode number of the article.
b. The date of the mailing.
c. The names and addresses of the mailer and addressee.
d. The sender's telephone number.
e. A description of the contents.

### 921.32 Online Inquiry

To initiate an International Inquiry Online at *https://www.usps.com/ship/file-international-claims.htm*, the customer must be the U.S. sender and must already be a USPS.com–registered account holder or must create a USPS.com account at the beginning of the inquiry process. The customer must create an International Inquiry Online within the time limits listed in Exhibit 921.2. The Postal Service asks the customer to provide information regarding the mailing, including but not limited to the following:

a. The USPS Tracking number that appears on the receipt.
b. The sender's name, mailing address, email address, and telephone number.
c. The addressee's name and mailing address.
d. The addressee's email address and telephone number, if available.

e. The date of the mailing, weight, postage paid, and additional fees (if applicable).

f. A description of the contents.

### 921.4 Inquiry Process

After the Postal Service customer provides the relevant mailing information either by telephone or online, the International Research Group will correspond with the appropriate foreign post and advise the customer of the results of the inquiry. For inquiries on Priority Mail International items, insured or ordinary parcels, or Registered Mail items, customers must allow foreign posts approximately 60 days to research and respond to the International Research Group. When there is a determination that an item has been lost, the International Research Group will mail a claim packet to the customer. The packet will include a letter of instruction on how to complete and submit the claim.

### 921.5 General Procedures

#### 921.51 Nondelivery

The U.S. Postal Service will initiate an inquiry within the time frames specified in 921.2 with the destination postal administration in any case involving an Priority Mail Express International item, a registered item, or an insured or ordinary parcel that has not been delivered. Inquiries are not accepted for ordinary letters, Priority Mail International Flat Rate Envelopes, Priority Mail International Small Flat Rate Priced Boxes, or M-bags. For nondelivery of Global Express Guaranteed shipments, see 212.46.

#### 921.52 Return Receipts Improperly Completed or Not Received

If the sender receives an improperly completed return receipt (see 341 for completion at destination) or if a return receipt is not received, the sender may go to any Post Office and request a refund of the return receipt extra service fee. If the sender wants to inquire about the delivery of the article, the sender must call 800-222-1811 to initiate an inquiry (see 921.1).

#### 921.53 Priority Mail Express International Items, Registered Mail Items, and Insured and Ordinary Parcels With Damaged or Missing Contents

Customers must go to a Post Office to report items that are damaged or are missing contents. Postal personnel should complete PS Form 673, *Report of Rifled Parcel*, in accordance with POM 169.3 or PS Form 2856, *Damage Report of Insured Article and Contents*, in accordance with POM 146.112 for international and/or domestic articles as applicable.

#### 921.54 Wrapper Found Without Contents

##### 921.541 Parcels of Domestic Origin

When the contents of a parcel of domestic origin become separated from the wrapper, Postal Service personnel should inform the sender in accordance with the instructions on PS Form 3760, *Parcel Search Request.*

##### 921.542 Parcels of Foreign Origin

If the parcel is of foreign origin, send PS Form 3760, appropriately modified, to the addressee.

# 922 Claims

## 922.1 General Description

A claim is a request by a U.S. Postal Service customer for an indemnity payment that resulted from the loss, damage, or missing contents of a GXG, Priority Mail Express International, or registered item, or an insured or ordinary parcel. See 222.71, 320, 330, and Individual Country Listings for information on indemnity limits. See 930 and 940 for information on indemnity payments and postage refunds.

## 922.2 Filing a Claim

Claims may be filed for GXG, Priority Mail Express International, registered items, and insured and ordinary parcels as noted in Exhibit 922.2. Claims may not be filed for ordinary letters or M-bags. Claims for registered items and insured and ordinary parcels may not be filed until after an inquiry has been completed in accordance with the procedures in 921. Claims for items that have damaged or missing contents should be filed immediately. Claims for registered items and insured and ordinary parcels that are lost, or that are delivered to the addressee in damaged condition or with missing contents, are payable to the sender, unless the sender waives the right to payment, in writing, in favor of the addressee. All claims for inbound international registered items and insured and ordinary parcels received in damaged condition or with missing contents must be supported by PS Form 2856. If the addressee does not accept delivery and the item is returned to the sender, the sender will be the payee.

Exhibit 922.2
**Filing Claims**

| Product or Extra Service | Who | For Information About Your Claim |
|---|---|---|
| Global Express Guaranteed (GXG) | U.S. Sender Only | 800-222-1811 |
| Priority Mail Express International or Priority Mail Express International With Money-Back Guarantee | U.S. Sender Only | 866-974-2733 |
| Priority Mail International, insured or ordinary parcels, or Registered Mail | U.S. Sender or Addressee | 866-974-2733 |

*Note: A U.S. sender in possession of an article in damaged condition or with missing contents must immediately present the article, mailing container, wrapping, packaging, and any other contents to a Post Office for inspection, retention, and disposition in accordance with the inquiry procedures and claims policies. Customers in receipt of an item from Canada that is in damaged condition or has some or all of its contents missing must instruct the Canadian sender to file a claim.*

## 922.3 Claims Process

### 922.31 Determination of Claim

When there is a determination that an item was lost or has damaged or missing contents, the customer will receive PS Form 2855, *International Claim for Indemnity*.

### 922.32 Evidence of Indemnity Coverage

Indemnity claims for GXG, Priority Mail Express International, Registered Mail, and insured and ordinary parcels must be supported as follows:

a. If mailed in the United States:

(1) For Global Express Guaranteed items, the original receipt of the GXG Air Waybill/Shipping Invoice.

(2) For Priority Mail Express International items, the sender's copy of PS Form 2976-B, *Priority Mail Express International Shipping Label and Customs Form*.

(3) For registered items and insured parcels, the original mailing receipt and sender's copy of PS Form 2976-A, *Customs Declaration and Dispatch Note — CP 72*, issued at the time of mailing. Copies are not acceptable.

(4) For ordinary parcels, the sender's copy of PS Form 2976-A, *Customs Declaration and Dispatch Note — CP 72*.

b. If mailed from a foreign country: The original mailing receipt if available, the customs label, the wrapper, and any other markings or endorsements on the mailing container that indicate how it was sent.

***Note:*** Mailing particulars must also be verified with the country of origin before a claim can be settled.

### 922.33 Evidence of Value

The customer must submit acceptable evidence to establish the cost or value of the article at the time it was mailed. Other evidence may be requested to help determine an accurate value. Examples of acceptable evidence include:

a. Sales receipt, invoice, or statement of value from a reputable dealer.

b. Customer's own statement describing the lost or damaged article, including the date and place of purchase, the amount paid, and whether new or used (only if a sales receipt, invoice, or statement of value from a reputable dealer is not available). If the article is handmade, the statement must include the price of the materials and labor used. The statement must describe the article in enough detail to determine whether the value claimed is accurate.

c. Picture from a catalog showing the value of a similar article (only if a sales receipt, invoice, or statement of value from a reputable dealer is not available). The date and place of purchase must be included.

d. Paid repair bills, if the claim is for partial damage; estimates of repair costs or appraisals from a reputable dealer. Repair costs may not exceed the original purchase price.

e. Receipt or invoice of costs incurred for the reconstruction of nonnegotiable documents.

### 922.4 Processing Claims for Damaged or Missing Contents

#### 922.41 Customer

The customer must:

a. Present the damaged article, mailing container, wrapping, packaging, and any other contents received to any Post Office for inspection.

b. Complete all fields on PS Form 2855.

#### 922.42 Postal Service

Postal Service personnel must:

a. Verify that all applicable fields on PS Form 2855 are complete.

b. Prepare a damage report on PS Form 2856, *Damage Report of Insured Article and Contents*, detailing the condition of the item at the time of delivery, and indicate whether or not the item was properly packaged to withstand normal handling in international mail.

c. Attach the damage report and the documentation described in 922.3 to the claim.

d. Send PS Form 2855 and related documents, including the customs label and the wrapper, if appropriate, to:

INTERNATIONAL CLAIMS
ACCOUNTING SERVICES
PO BOX 80146
ST LOUIS MO 63180–0146

## 923 Disposition of Damaged Mail

Dispose of damaged Registered Mail, insured parcels, and ordinary parcels for which claims have been filed as follows:

a. International Registered Mail (except Canadian Registered Mail — see 923b) must be returned to the customer, whether or not the article has salvage value.

b. International insured parcels, ordinary parcels, and Canadian Registered Mail:

(1) If the claim is for *partial* damage, return the article to the customer.

(2) If the claim is for *total damage and the article has salvage value* ($25.00 or more), retain the article and the packaging at the Post Office facility until the claim is settled and disposition instructions are received from Accounting Services. Provide the customer a copy of PS Form 3831, *Receipt for Article(s) Damaged in Mails*. Endorse the original receipt "Claim Filed [date]," date-stamp it, and initial it. Return the receipt to the customer. Instruct the customer to keep the receipt until the claim is settled. If the claim is denied, the article must be returned to the customer after all time frames for appeals have elapsed (see 931.3).

(3) If the claim is for *total damage and the article has no salvage value* (under $25.00), return the article to the customer, or with the customer's consent, dispose of the article with the understanding that the Postal Service will assume no responsibility if the claim is denied.

# 930 Indemnity Payments

## 931 Adjudication and Approval

### 931.1 When to Be Instituted

Claims for indemnity are initiated upon receipt of a completed PS Form 2855 with appropriate documentation by International Claims, Accounting Services, PO Box 80146, St. Louis, MO 63180-0146.

### 931.2 International Claims

#### 931.21 Indemnity Claims for International Registered Mail, Insured Parcels, and Ordinary Parcels of U.S. and Foreign Origin

Indemnity claims relating to international Registered Mail and insured and ordinary parcels of both U.S. and foreign origin are adjudicated by Accounting Services in St. Louis, Missouri.

#### 931.22 Country of Origin Pays Indemnity

Payment is made as follows:

a. Express Mail claims are paid by the country of origin to the sender. Payments to U.S. senders will by made by the U.S. Postal Service.

b. Indemnity for the loss of Registered Mail and insured and ordinary parcels is paid by the country of origin to the sender. Payments to U.S. senders will be made by the U.S. Postal Service. The sender may waive the right to payment, in writing, in favor of the addressee. Payment in such cases will be made by the destination administration.

c. Claims for items delivered in damaged condition or with missing contents are paid by the country of origin to the sender. The U.S. Postal Service makes payments to U.S. senders. The sender may waive the right to payment, in writing, in favor of the addressee. In such a case, the destination administration makes payment to the addressee.

d. Claims for items mailed from foreign countries that are lost or that are delivered in damaged condition or with missing contents are paid by the origin administration to the sender. The sender may waive the right to payment, in writing, in favor of the U.S. addressee. In such a case, the U.S. Postal Service pays the U.S. addressee.

### 931.3 Appeals

#### 931.31 Appealing a Claims Decision

A customer may appeal a claims decision by filing a written appeal within 60 days of the date of the original decision. The customer must send the appeal directly to International Claims Appeals, Accounting Services, PO Box 80146, St. Louis, MO 63180-0146.

### 931.32 Final Postal Service Decision of Claims

If the manager of International Claims Appeals at the St. Louis ASC sustains the denial of a claim, the customer may submit an additional appeal within 60 days for final review and decision to the Consumer Advocate, International Claim Appeals, 475 L'Enfant Plz SW Rm 10343, Washington, DC 20260-2200, who may waive standards in favor of the customer.

## 932 General Exceptions To Payment — Registered Mail, Priority Mail International Insured Parcels, and Priority Mail International Ordinary Parcels

Indemnity may not be paid:

a. In excess of the limit prescribed for the insurance or registry fee paid or greater than that corresponding to the actual amount of loss (except Registered Mail service), damage, or the missing contents. Allowance must be made for depreciation or for needed repairs, and in the absence of purchase receipts or invoices, the contents must be described in sufficient detail.

b. When an item cannot be accounted for due to the destruction of service records by *force majeure*.

c. When the contents are prohibited.

d. For an item seized by customs or any other government agency.

e. When no inquiry or application has been made by the claimant or a representative within 6 months, commencing with the day following the mailing of the item. In the case of insured mail with Canada, however, the time limit may be waived when it is satisfactorily established that the delay was unavoidable and not the fault of the claimant.

f. For damage that results from the characteristics of the contents- that is, its inability, due to its nature, to withstand the ordinary incidents of the contemplated carriage.

g. When full compensation or reimbursement has otherwise been made by the U.S. Postal Service or by any outside firm or corporation whatsoever except on a pro rata basis as coinsurer.

h. For sentimental values arising from association. Also, in the absence of a complete description, the claimant must satisfactorily establish the ordinary market value at the time of mailing, particularly in the case of heirlooms or antiques.

i. For an amount in excess of the maximum prescribed for the insurance or registry fee paid, unless responsibility rests with the United States and it is shown to the satisfaction of the Postmaster General that the sender was charged a fee less than that required to cover the amount of indemnity desired, through error on the part of the U.S. Postal Service. On such a showing, the deficiency in fee may be collected from the sender and postal indemnity paid, within the limit fixed for the higher fee.

## 933 Payments for Priority Mail International Insured Parcels and Priority Mail International Ordinary Parcels

### 933.1 General Provisions

#### 933.11 Payment of Indemnity — Insured Parcels

Indemnity may be paid as follows:

a. For loss, damage, or missing contents, based on the actual value of articles at the time and place of mailing.

b. To the sender, or to the addressee if the sender waives the right to payment, in writing, in favor of the addressee.

#### 933.12 Indemnity Will Not Be Paid

In addition to the general exceptions to payment described in 932, indemnity will not be paid in the following instances:

a. When other countries report delivery of parcels without external trace of damage or missing contents and acceptance by the addressee or an agent without reservation concerning the condition of the contents, and when delivery was made under conditions prescribed by the domestic regulations of the country of destination for mail of the same kind or on presentation of a regular postal identity card.

b. When loss, damage, or missing contents has been caused by the fault or negligence of the sender or the addressee or the representative of either, such as failure to endorse the parcel conspicuously to show the nature of the contents or to provide adequate packing for the length of the journey and for the protection of the contents.

c. When the claimant, with intent to defraud, has declared the contents of a parcel to be above their real value.

d. For parcels that:

  (1) Contain matter of no intrinsic value.

  (2) Contain matter that did not conform to applicable postal conventions.

  (3) Were not posted in the manner prescribed. In the event of loss, damage, or missing contents of mail erroneously accepted for insurance to other countries, limited indemnity may be paid as if it had been addressed to a domestic destination — i.e., on the basis of the indemnity limits for domestic insured mail. If postage was erroneously collected at other than a parcel price, but the parcel was otherwise properly accepted for insurance, indemnity may be paid pursuant to the general provisions of this section and the special provisions of 933.2.

e. For indirect loss or loss of profits.

f. For an amount in excess of the maximum prescribed for the insurance fee paid, unless full or partial responsibility rests with the other country and the sender requested full coverage at the time of mailing, but a deficient and unauthorized insurance fee was collected. In such case,

the sender must be paid for full value, less the amount of the deficient fee, but not exceeding the limit fixed for the appropriate insurance fee.

g. When evidence of insurance coverage has not been presented.

### 933.13 Ordinary Priority Mail International Parcels — Indemnity Limitations

Coverage is limited to the actual value of contents or the maximum indemnity based on the weight of the article, whichever is less.

### 933.14 Ordinary Priority Mail International Parcels — Exceptions to Indemnity

In addition to the general exceptions to payment described in 932, indemnity may not be paid:

a. For parcels containing coins; banknotes; currency notes (paper money); securities of any kind payable to bearer; traveler's checks; platinum, gold, and silver; precious stones; jewelry; watches; and other valuable or prohibited articles.

b. For consequential losses, delay, concealed damage, spoilage of perishable items, articles improperly packaged, and articles too fragile to withstand normal handling in the mail.

c. When other countries report delivery of parcels without external trace of damage or missing contents and acceptance by the addressee or an agent without reservation concerning the condition of the contents, and when delivery was made under conditions prescribed by the domestic regulations of the country of destination for mail of the same kind or on presentation of a regular postal identity card.

d. When loss, damage, or missing contents has been caused by the fault or negligence of the sender or the addressee or the representative of either, such as failure to endorse the parcel conspicuously to show the nature of the contents or to provide adequate packing for the length of the journey and for the protection of the contents.

e. When the claimant, with intent to defraud, has declared the contents of a parcel to be above their real value.

f. For indirect loss or loss of profits.

g. When evidence of the value of the ordinary indemnity coverage on an ordinary parcel has not been presented.

## 933.2 Special Provisions

The sender may be paid only such indemnity for loss, damage, or missing contents occurring after redispatch by the original country of address to a third country, if the country in which the mistreatment occurred is willing or obliged to pay under any agreement between the countries involved.

## 934 Payments for Registered Mail

### 934.1 General Provisions

#### 934.11 Indemnity Paid by Country of Origin

For registered items, the country of origin pays the sender indemnity for loss, damage, or missing contents according to 934.2.

#### 934.12 Parcels Erroneously Accepted as Registered Mail

If a parcel is accepted in error as Registered Mail, indemnity may be paid under the conditions in 934.2.

#### 934.13 Limitations to Indemnity Payment

In addition to the general exceptions to payment described in 932, the following limitations to indemnity payments apply:

a. For loss, damage, or missing contents of an outbound or an inbound registered item, indemnity will not be paid to anyone in the United States other than the sender, unless the sender waives payment, in writing, in favor of the addressee. In such a case, the destination administration makes payment to the addressee.

b. For a domestic registered item that bears a foreign return address and that is forwarded under 762.2, indemnity will not be paid in excess of the limits in 934.2.

#### 934.14 Indemnity Paid by Country of Destination

When the sender waives the right to payment, in writing, in favor of the addressee, the country of destination pays the addressee indemnity for loss, damage, or missing contents.

### 934.2 Special Provisions

Regardless of the declared value of a registered item, the maximum amount of indemnity payable for loss, damage, or missing contents is $46.09.

## 935 Payments for Priority Mail Express International

### 935.1 When Authorized

Priority Mail Express International shipments are covered by document reconstruction and merchandise insurance in case of loss, damage, or missing contents. Indemnity will be paid by the Postal Service as specified in DMM 609 and 503 and IMM 222.71 and 935.2.

### 935.2 When Prohibited

Indemnity for Priority Mail Express International items will not be paid:

a. For delay in delivery.

b. When the contents are prohibited.

c. For any items seized by customs or any other government agency.

d. When no inquiry or claim has been made by the mailer within 90 days from the date of mailing.

e. For damage that results from the quality of the contents; that is, inability, due to its nature, to withstand the ordinary incidents of international Express Mail carriage. See DMM 609.

f. When delivery was made under conditions prescribed for Express Mail items by the country of destination.

g. When evidence of mailing has not been presented.

h. For any reason specified in DMM 609.

# 940 Postage Refunds

## 941 Postage Refunds for First-Class Mail International, First-Class Package International Service, and Priority Mail International

### 941.1 General

A refund may be made when postage, extra service fees, or other return charges have been paid on the following First-Class Mail International, First-Class Package International Service, and Priority Mail International items:

a. Items for which full service was not rendered.

b. Items for which the customer made payment in excess of the proper price.

c. Undeliverable-as-addressed items under 771.51 for which return charges were incorrectly assessed.

### 941.2 Applications by Senders

Senders requesting postage refunds should submit to the postmaster at the office at which the items were mailed:

a. An application on PS Form 3533, *Application and Voucher for Refund of Postage, Fees, and Services,* in duplicate.

b. When available, the envelope or wrapper, or the portion thereof having names and addresses of sender and addressee, canceled postage, and postal markings.

c. Any other evidence of payment of the amount of postage, fees, or charges for which refund is desired.

### 941.3 Processing Refund Applications

#### 941.31 Items Originating in United States

When the refund request relates to mail originating in the United States and there is no reason to believe that the other country is at fault, process the application as prescribed in DMM 604.

#### 941.32 Items Originating in a Country Other Than the United States

When there is reason to believe that the other country is at fault, or when the request relates to mail originating in another country, forward the application with the wrapper and all supporting papers to the following address:

INTERNATIONAL RESEARCH GROUP
UNITED STATES POSTAL SERVICE
PO BOX 512318
LOS ANGELES CA 90051-0318

## 942 Postage Refunds for Priority Mail Express International Items

### 942.1 Who May File

File requests for refunds as follows:

a. U.S. senders of Priority Mail Express International items must complete the inquiry process (see 922) before filing for a postage refund. The customer must initiate an inquiry within 90 days of the date of mailing by calling 800-222-1811 or going to International Inquiry Online at *https://www.usps.com/ship/file-international-claims.htm*.

b. U.S. senders of Priority Mail Express International With Money-Back Guarantee service items that did not meet the scheduled delivery date must initiate a request for postage refund no later than 30 days from the date of mailing by calling 800-222-1811 or by going to International Inquiry Online at *https://www.usps.com/ship/file-international-claims.htm*.

### 942.2 Conditions

#### 942.21 Priority Mail Express International Refunds

The Postal Service will refund postage of Priority Mail Express International items only when:

a. The inquiry process has confirmed that total loss, damage, or missing contents of an Priority Mail Express International item has occurred.

b. The customer has initiated an inquiry within the requisite 90-day filing period.

c. The postmaster has received verification from the Product Tracking System (PTS) or the International Research Group that loss, damage, or missing contents has occurred.

d. The customer has received PS Form 3533, *Application and Voucher for Refund of Postage, Fees, and Services*.

#### 942.22 Priority Mail Express International With Money-Back Guarantee Refunds

The Postal Service will refund postage of Priority Mail Express International With Money-Back Guarantee service items only when:

a. The customer has initiated a request for postage refund within the requisite 30-day filing period.

b. The International Research Group received confirmation from the foreign postal administration that the item did not meet the specified delivery standard.

c. The customer has received PS Form 3533-GE, *Application and Voucher for Refund of Postage and Fees — Priority Mail Express International With Guarantee Service.*

## 942.3 Applications by Senders

### 942.31 Priority Mail Express International Refunds

For Priority Mail Express International refunds, mailers requesting postage refunds must submit the following items to the postmaster at the office at which the item was mailed:

a. An application on PS Form 3533 in duplicate.

b. The mailer's receipt (original copy of the mailing label) showing evidence of the amount of postage for which refund is desired.

### 942.32 Priority Mail Express International With Money-Back Guarantee Refunds

For Priority Mail Express International With Money-Back Guarantee service refunds, mailers requesting postage refunds must submit the following items to the address noted below:

a. An application on PS Form 3533-GE.

b. The mailer's receipt or the original copy of the mailing label showing the guaranteed delivery date and the amount of postage paid.

Mailers must submit these items to the following address:

SCANNING AND IMAGING CENTER
US POSTAL SERVICE
PO BOX 5212
JANESVILLE WI 53547-5212

## 942.4 Processing of Refund

Priority Mail Express International postage refund requests are processed under DMM 604. The mailer must complete Part I of PS Form 3533 in duplicate and submit it, along with the original customer copy of the mailing label (Label 11-B, *Express Mail Post Office to Addressee)*, to any Post Office facility. Refund requests for Priority Mail Express International With Money-Back Guarantee service are processed when a customer submits PS Form 3533-GE with appropriate documentation (see 942.2) to:

SCANNING AND IMAGING CENTER
US POSTAL SERVICE
PO BOX 5212
JANESVILLE WI 53547-5212

## 942.5 Unallowable Refunds — Priority Mail Express International With No Service Guarantee

### 942.51 Postage Refunds — Priority Mail Express International

Refunds for Priority Mail Express International will *not* be made for the following:

a. Delayed Priority Mail Express International items.

b. When the item contained prohibited matter.

c. When the item has been seized or confiscated by customs or any other government agency of the destination country.

#### 942.52 Unallowable Refunds — Priority Mail Express International With Money-Back Guarantee Service

Refunds will *not* be made for the following:

a. Delivery was attempted but could not be made.

b. The delivery address or postal code was incomplete or inaccurate.

c. The item was detained or delayed by customs or any other government or law enforcement agency of the destination country.

d. The item had to be forwarded to another address.

e. Delay resulted from any defect or characteristic due to the nature of the shipment, even if known to USPS at acceptance.

f. The item was delayed by any circumstance beyond the control of USPS and the foreign postal administration, acts of God, *force majeure*, terrorist activities, strikes, labor actions, war, insurrection, or civil disobedience.

g. The item was held by customs at origin or destination for more than 24 hours. If the item was held by customs for less than 24 hours, the guarantee may be adjusted to account for the delay by customs.

h. The item was not deposited at a designated USPS mail facility.

#### 942.53 Consequential Damages

USPS is not liable for consequential or special damages or other indirect loss. Consequential damage or loss includes but is not limited to loss of income, profit, interest, markets, and use of contents. See DMM 609 and 503 and IMM 221.3 and 935.2 for limitations of indemnity coverage.

## 943 Processing Refund Applications

### 943.1 Items Originating in the United States

Requests for refunds for ordinary letters and for Registered Mail, Priority Mail International, Priority Mail Express International, and Priority Mail Express International With Money-Back Guarantee service originating in the United States are handled as follows:

a. If there is no reason to believe that the other country is at fault, process the application under DMM 604.

b. If there is reason to believe a registered, insured, or ordinary parcel originating in the United States was returned in error, or if the parcel was returned with no annotation showing reason for return, call 800-222-1811 to initiate an inquiry.

c. Customers whose Priority Mail Express International With Money-Back Guarantee service did not meet the guaranteed delivery date must call 800-222-1811 within 30 days of the date of mailing to request a postage refund form (PS Form 3533-GE).

### 943.2 Items Originating In a Country Other Than the United States

When there is reason to believe the other country is at fault, or when the request relates to mail originating in another country, call 800-222-1811 to initiate an inquiry.